IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL HAYES and WENDY HAYES )
 )
   Plaintiffs, )
 ) Case No. 3:13-cv-00028
v. )
 ) Judge Trauger
THERESA BURNS, et al., ) Magistrate Judge Bryant
 )
   Defendants. )

To: The Honorable Aleta A. Trauger, District Judge

REPORT AND RECOMMENDATION

I. Introduction

By order entered January 17, 2013 (Docket Entry No. 2), this matter was referred to the

undersigned for case management and to recommend ruling on any dispositive motion.

Plaintiffs Michael and Wendy Hayes filed the complaint in this action *pro se* on January

14, 2013.  The twenty-six page complaint contains one paragraph (which runs on for a page and

a half) that appears to contain the essence of the Plaintiffs' claims, which involve the alleged

mishandling of the Plaintiff's foreclosure by Defendant Theresa Burns d/b/a Gap Community

Development Resources, Inc. ("GAP"). (Docket Entry No. 1 at ¶ 11). The Complaint lists as

Defendants GAP, "Wilson & Associates, Esquires," Jeff L. Carter, Sr., of Mortgage Electronic

Registration System ("MERS"), and Penny Mac Mortgage Investment Trust ("PennyMac"). The

Plaintiffs seek relief of $30,000,000 in damages for, e.g., fraud, violation of the Fair Debt

Collection Practices Act, and violations of international law, and claim that their entitlement to

these damages is based on the "Constitution of the Shaykamaxum Republic, Atlan Amexem

1

Empire," and the "Constitution of the Full Autonomy States of Amexem." (Id. at p. 21).

In lieu of an Answer, Defendants Wilson & Associates, PennyMac, and Mortgage Electronic Registration Systems filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a)(2) (Docket Entry Nos. 7, 10, 17). The motions are nearly identical in language, and assert that the Plaintiffs have not plead sufficiently to establish a claim upon which relief can be granted. The Plaintiffs have not filed responses to these motions.

For the reasons stated herein, the undersigned recommends that the Defendants' motions to dismiss be GRANTED.

## II. Factual Background

The Plaintiffs appear to be upset with the manner in which the foreclosure on their property at 2631 Flamingo Drive, Nashville, Tennessee was handled. (Docket Entry No. 1 at ¶ 1). The current status of the foreclosure proceeding is not clear from the complaint. Defendant Wilson and Associates appears to be representing the mortgage lender in the foreclosure process. (Id. at ¶ 2, 15). Plaintiffs sought assistance, presumably with either paying their mortgage or managing a bankruptcy claim, from Defendant GAP. (Id. at ¶ 11). Plaintiffs allege that GAP lost the necessary paperwork and otherwise mishandled their case. (Id.).

The majority of the complaint consists of nonsensical statements, including a lengthy discussion regarding the legality of the title "Esquire" (Docket Entry No. 1 at ¶ 12) and a description of the Plaintiff's citizenship "under the constitution of the Shaykamaxum Atlan Amexem Empire..." (Id. at 9-19). There are various paragraphs and sentence fragments from which a claim is indecipherable. (Id. at ¶¶ 9, 10, 14, 15, 16).

The complaint also contains a handful of vague, conclusory statements without facts to

2

support them, such as "Defendant(s) agree that they have committed fraud" (Id. at ¶ 5), "Defendant(s) agree that they have committed Mail Fraud" (Id. at ¶ 6), and "Defendant(s) agree that they have committed criminal conspiracy" (Id. at ¶ 7).

## III. Discussion

### A. Standard of Review

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although FED. R. CIV. P. 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). However, if a claim "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandably on the merits," it violates FED. R. CIV. P. 8. Harrell v. Dirs. of Bur. Of Narcotics & Dangerous Drugs, 70 F.R.D. 444 (E.D. Tenn. 1975). See also Plymale v. Freeman,, 1991 WL 54882 (6th Cir. Apr. 12, 1991). The Plaintiff must plead well enough to ensure that his or her complaint is more than "a formulaic recitation of the elements of a cause of action." Twombly. 550 U.S at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). Nevertheless, this Court need not accept legal conclusions or unwarranted factual inferences as true, Iqbal, 556 U.S. at 677-78; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987), and a complaint containing mere legal conclusions alone will "not unlock the

3

doors of discovery for a plaintiff." Iqbal, 556 U.S. at 678. While a pro se complaint is to be "liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardue, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" must still be met. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

A district court may not grant a motion to dismiss pursuant to Rule 12(b)(6) simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion to ensure that he has discharged his burden. Cole v. Tennessee, 3:12-0332, 2013 WL 828958 at *2 (M.D. Tenn. Mar. 6, 2013) report and recommendation adopted, 2013 WL 1333365 (M.D. Tenn. Mar. 29, 2013) (citing Carver v. Bunch, 946 F.2d 451, 455 (6th Cir.1991)).

### B. Analysis

The Defendants raise two issues in their memoranda in support of their motions to dismiss. First, they assert that the complaint fails to meet the minimum pleading standards set by FED. R. CIV. P. 8. Second, they assert that the complaint does not state any claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6). The Defendants address the allegations of "fraud and deceit," mail fraud, violations of due process, "false claim," and criminal conspiracy, and do not address any other claims made in the complaint.

Traditionally, courts apply a less stringent standard to pleadings of pro se litigants than to pleadings prepared by an attorney. Kafele v. Lerner, Sampson & Rothfuss, LPA, 161 Fed.Appx. 487, 491 (6th Cir. Dec. 22, 2005). However, *pro se* litigants still have a duty to develop claims with an appropriate degree of specificity. Id. (citing United States v. Layne, 1982 F.3d 556, 566-567 (6th Cir 1999); McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997)). "At the very

4

least, . . . courts should not have to guess at the nature of the claim asserted." Id. (citing Moore v. City of Harriman. 272 F.3d 769, 778 n.7 (6th Cir. 2001) (Suhrheinrich, J. dissenting)).

### a. Plaintiff's Allegations of Fraud

Allegations of fraud must be plead with particularity. FED. R. CIV. P. 9(b). In order to satisfy the particularity requirements of Rule 9(b), a plaintiff must specifically allege times, places, contents and victims of the underlying fraud. Alvion Properties, Inc. v. Weber, 3:08-0866, 2012 WL 5831171 (M.D. Tenn. Nov. 2, 2012) report and recommendation adopted, 2012 WL 5830636 (M.D. Tenn. Nov. 16, 2012) (citing Vild v. Visconsi, 956 F.2d 560, 567 (6th Cir.1992)). The rule further provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Id.

The Complaint asserts that the allegations of fraud are pled with particularity. (Id. at 8). However, an assertion that the pleading standards are met does not suffice to survive a motion to dismiss. The complaint makes several conclusory statements regarding fraud. (Docket Entry No. 1 at ¶¶ 5, 10), but fails to allege any material facts to support these statements. The complaint does not contain facts that specify times, places, or contents of the underlying fraud, nor does it contain facts that suggest malice, knowledge or conditions of the Defendants' mind.

### b. Mail Fraud

Mail fraud is defined in 18 U.S.C. § 1341, which does not allow for a private right of action. See Morganroth & Morganroth v. DeLorean, 123 F.3d 374, 386 (6th Cir. 1997). Mail fraud consists of (1) a scheme or artifice to defraud; (2) use of mails in furtherance of the scheme; and (3) intent to deprive the victim of money or property." United States v. McAuliffe, 490 F.3d 526, 531 (6th Cir. 2007) (citing United States v. Turner, 465 F.3d 667, 680 (6th Cir. 2006).

5

Aside from the fact that the statute does not create a private right of action, the Plaintiffs additionally fail to meet their minimal pleading burden in regards to the elements of a fraud claim. Mail fraud is mentioned only once in the complaint (Docket Entry No. 1 at ¶ 6), and none of the factual allegations imply a scheme or the use of mails in furtherance of a scheme.

c. Criminal Conspiracy

Like mail fraud, criminal conspiracy is a violation of federal criminal law and does not provide for a private cause of action. 18 U.S.C. §§ 241-242; See e.g. Franklin v. Henderson, 15 Fed.Appx. 205, 207 (6th Cir. June 20, 2001); United States v. Oguaju, 76 Fed.Appx. 579, 581 (6th Cir. July 9, 2003). Plaintiffs, as private citizens, have no standing to raise a charge of criminal conspiracy.

d. Terrorist Threats

The complaint further alleges that Defendant Wilson & Associates made terrorist threats of trying to steal the plaintiff's property. (Docket Entry No. 1 at ¶ 15). Domestic Terrorism consists of activities that (A) involve acts dangerous to human life that are a violation of the criminal laws of the United States or any state, (B) appear to be intended to intimidate or coerce a civilian population, to influence the policy of a government by intimidation or coercion, or to affect the conduct of a government by mass destruction, assassination, or kidnaping, and (C) occur primarily within the territorial jurisdiction of the United States. 18 U.S.C. § 2331(5). Federal law allows a private cause of action for United States nationals injured by international terrorism, but provides no cause of action for victims of domestic terrorism. 18 U.S.C. § 2333.

The complaint fails to allege how a threat to "steal... property" satisfies the elements of terrorist activity. Presumably, the alleged threats relate to the foreclosure and sale of the Plaintiff's home. While the undersigned can find no record of any court in the United States

6

holding that debt collection phone calls or letters constitute an act of terrorism, courts have dismissed similar claims. Cf., e.g., Taylor-Todd v. Shapiro, 2013 WL 1562496, at *2 (W.D.N.C. Apr. 12, 2013); Rector v. Toyota Motor Credit Corp., 2013 WL 1331447, at *6 (E.D. Cal. Apr. 2, 2013). Furthermore, the Plaintiffs do not state a claim because they do not allege any facts to suggest that the Defendants' actions were dangerous to human life.

e. Fair Debt Collection Practices Act

The Plaintiffs appear to be attempting to utilize their complaint as notice to their mortgage lender, through defendant Wilson & Associates, of various matters pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (Docket Entry No. 1 at ¶ 17) It appears that Plaintiffs may also be attempting to claim an alleged violation of the FDCPA due to a defect in the notice of foreclosure. However, the complaint does not allege facts clearly enough to decipher this claim and which of the defendants it may be asserted against, particularly as it appears that Plaintiffs contest the very existence of the debt for which collection is being attempted.[1]

f. Other Allegations in the Complaint

---

[1] Plaintiffs' complaint alleges that "Defendant(s) agree that full disclosure of the original note is inadequate therefore we have a breach of contract, alleged Lender never signed the note." (Docket Entry No. 1, ¶ 13) The complaint goes on to allege:

> It is further understood that, The National Bank Act specifically states that banks cannot hold a note, period. If you read the first line on your promissory note 'in exchange for this loan', what loan? You got up from the table, you left the loan check and the promissory note and you don't have a receipt just because they shoved some keys in your face. But when you filled out the application you applied for a loan and if they'd given you your loan check because you were approved, you don't have sense enough to sign the note and pay for the property. That's why they stole it. Because they never wanted the property paid for. They never wanted you to know the property WAS paid for." They signed the check "for you"/in your place and, based on the fraud/lack of full disclosure, that's identity theft. See Title 18 U.S.C. Section 656; Bank Embezzlement.

Id. at ¶ 16.

7

Among other items which the complaint addresses, Plaintiffs claim that the term "Esquire" is an unconstitutional title of honor and nobility given by the Queen of England, and thus anyone who uses the title Esq. must be a foreign agent working for Elizabeth II. (Docket Entry 1 at 12). Of course, in the United States, the term Esquire is a designation accorded to licensed attorneys. See e.g. Patton v. Scholl, 1998 WL 779238 (E.D. Pa. Nov. 6, 1998).

The complaint also features a lengthy discussion on the Plaintiffs' citizenship of a mysterious alternative jurisdiction known as the Shaykamaxum Atlan/Amexem Empire, and the District Court's jurisdiction over members of this supposed Empire. These statements, along with, e.g., the complaint's discussion of reparations to indigenous peoples, are completely irrelevant to any possible claim against any named defendant, and are devoid of legal merit or effect.

Overall, the entire complaint lacks clarity in regards to the claims asserted. There is only so much this Court can do to piece together this complaint in an attempt to establish a narrative. The Plaintiffs' pleading makes it nearly impossible to figure out what transpired to lead to this action. Despite their pro se status, in the absence of particularized factual allegations supporting viable civil claims, Plaintiffs' disjointed legal arguments cannot salvage their complaint even under the most liberal construction. See Kafele, 161 Fed.Appx. at 491; Nassar El v. Smith, 2012 WL 313985, at *3 (E.D. Mich. Jan. 31, 2012).

For the reasons previously discussed in this report, and because the plaintiffs have not plead their claims to the minimum standards set by FED. R. CIV. P. 8(a) and thereby have failed to state a claim upon which relief can be granted, the Defendants' motions to dismiss should be GRANTED.

8

## IV. Recommendation

For the reasons stated herein, the undersigned hereby recommends that the Defendants' motions to dismiss be GRANTED and that this action be DISMISSED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to do with the District Court. Any party opposing said objections shall have fourteen (14) days from the receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

ENTERED this 22nd day of August, 2013.

 s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE

9